IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH KENNETH KEMMERER, :
:
    Petitioner, :
: CIVIL NO. 3:CV-08-1690
v. :
: (Judge Caputo)
LEHIGH COUNTY COURTHOUSE, :
et al., :
:
    Respondents :

MEMORANDUM

I.    Introduction

Petitioner Keith Kenneth Kemmerer, an inmate confined at Waymart State Correctional Institution (SCI-Waymart), Waymart, Pennsylvania, commenced this action by filing a pro se Petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1, Petition.) Kemmerer challenges his 2002 burglary convictions in the Lehigh County Court of Common Pleas. For the reasons set forth below, the Petition will be dismissed as untimely filed.

II.    Background

    A.    State Court Proceedings

In 2001, Kemmerer was charged with two separate counts of burglary and related offenses. (Doc. 1.) On April 1, 2002, pursuant to a plea agreement, Kemmerer pled guilty to both counts of burglary with the agreement that he would

receive concurrent sentences for each and that the offense gravity score on both burglaries would be seven (7). (Doc. 8, Respondents' Response to Petition for Writ of Habeas Corpus at ¶ 5.) On June 27, 2002, Kemmerer was sentenced to a term of imprisonment of not less then ten (10) years or more than twenty (20) years in state prison. (Doc. 1, Petition.) On July 3, 2002, Kemmerer filed a post-sentence motion seeking reconsideration of his sentence. The trial court denied the motion on July 5, 2002. (Doc. 8, Response at ¶ 7.) Kemmerer filed a timely direct appeal to the Superior Court of Pennsylvania, which affirmed his conviction and sentence on April 23, 2003. No Petition for Allowance of Appeal (Allocatur) was filed.

Kemmerer filed a pro se petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9545 on May 27, 2003. (*Id.* at ¶ 10.) On September 12, 2003, an amended PCRA petition was filed by Petitioner's court appointed counsel. (*Id.*) Evidentiary hearings on the amended PCRA petition were held on November 4, 2003, and December 2, 2003. The PCRA court denied Kemmerer's petition on March 11, 2004. (*Id.* at ¶ 11.) Kemmerer filed a timely appeal to the Superior Court of Pennsylvania on March 23, 2004. (*Id.* at ¶ 12.) The Superior Court of Pennsylvania affirmed the denial of Kemmerer's PCRA petition on November 24, 2004. (*Id.*) The Supreme Court of Pennsylvania denied Kemmerer's Petition for Allowance of Appeal on August 24, 2005. (*Id.* at ¶ 13.)

On June 2, 2006, and June 13, 2006, Kemmerer filed identical motions to restore his appellate rights. (*Id.* at ¶ 15.) On August 3, 2006, the trial court treating the motions as a second PCRA petition, denied and dismissed the petition as

untimely filed. (*Id.* at ¶ 15). On August 31, 2006, Kemmerer appealed the trial court's decision to the Superior Court of Pennsylvania. (*Id.* at ¶ 16.) The Superior Court dismissed the appeal on January 29, 2007, due to Kemmerer's failure to file a brief. (*Id.* at ¶ 17.)

On October 16, 2007, Kemmerer filed a motion to withdraw his guilty plea and for a reduction of his sentence. The trial court, treating the motion as another PCRA petition, denied it on November 20, 2007 as untimely. (*Id.* at ¶ 19.) On December 19, 2007, Petitioner filed an appeal with the Superior Court of Pennsylvania. (*Id.* at ¶ 20.) On March 14, 2008, at Kemmerer's request, his appeal was discontinued. (*Id.* at ¶ 18.)

### B.   Federal Court Proceedings

On April 26, 2006, Kemmerer filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*Id.* at ¶ 14; *see also Kemmerer v. Lehigh County Courthouse*, 3:06-CV-0875 (M.D. Pa.)(*Kemmerer I*)). Kemmerer challenged the Lehigh County Court of Common Pleas 2002 burglary convictions that are challenged in his present habeas corpus petition. (*See Kemmerer I*, Doc. 1, Petition.) On May 2, 2006, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued a formal notice to Kemmerer that he either could have his Petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA).

(See *Kemmerer I*, Doc. 3.) On May 5, 2006, Kemmerer filed a Notice of Election requesting that the Court rule on the Petition as filed. (*Id.* at Doc. 4.) On April 9, 2008, after Respondents filed a response to the Petition, and before the Court had ruled on the same, Kemmerer filed a Motion to Withdraw his Petition for Writ of Habeas Corpus. (*Id.* at Doc. 34.) Kemmerer stated he was "going to school and in 18 months [he was] putting in for CCC Center. [He'll] just drop it if the Honorable doesn't disagree with [his] decision." (*Id.*) On April 10, 2008, this Court granted Kemmerer's motion seeking to voluntarily withdraw his habeas petition. (*Id.*, Doc. 35.)

On September 12, 2008, Kemmerer filed the instant Petition for Writ of Habeas Corpus (*Kemmerer II*). (Doc. 1, Petition.) Kemmerer raises the same issues that were raised in his first PCRA petition and in *Kemmerer I*, his first federal Petition for Writ of Habeas Corpus. Respondents filed Response to the Petition (doc. 8) on November 25, 2008. Respondents argue that Kemmerer's Petition is untimely as it was filed outside the AEDPA's allowable statute of limitations. (*Id.*) Kemmerer filed his Traverse on December 1, 2008. (Doc. 9.) The matter is now ripe for decision.

## III. Discussion

### A. Calculation of Kemmerer's Habeas Corpus Statute of Limitations Deadline.

The Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground

-4-

that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, amended the federal habeas corpus statute by imposing a one-year statute of limitations on petitions filed under 28 U.S.C. § 2254. Specifically, a state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that, in relevant part, provides:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA further provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court. See 28 U.S.C. § 2244(d)(2).

Under § 2244(d)(2) of the AEDPA, the limitations period is statutorily tolled for

"[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." Thus, only a "properly filed" application for state post conviction relief tolls the limitations period under § 2244(d)(2). A PCRA petition that is filed untimely is not "properly filed" so as to suspend the running of the limitations period, see Pace v. DiGugliemo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 660 (2005), and whether a state petition is untimely is a matter of state law that cannot be reconsidered by a federal habeas court. Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006) ("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.") (internal quotations omitted).  Finally, the period of time a properly filed federal habeas corpus petition is pending does not qualify as "a properly filed application for State post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2) for the purposes of tolling the limitations period. See Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001); see also Slutzker v. Johnson, 393 F.3d 373, 382 (3d Cir. 2004).

In this case, Kemmerer's conviction became final on or about May 24, 2003, thirty days after the Pennsylvania Superior Court affirmed Kemmerer's sentence. Kemmerer, therefore, had until May 24, 2004, to file his application for federal habeas relief. Accordingly, the instant petition, submitted on September 12, 2008, is 4 years 3 months and 19 days late unless the Petitioner can establish that he is entitled to either statutory tolling, as provided by 28 U.S.C. § 2244(d)(2), or equitable

tolling. Without the benefit of either statutory or equitable tolling, the § 2254 petition is clearly time-barred.

### B.     Statutory Tolling.

Kemmerer's sentence became "final" on May 24, 2003, thirty days after the Superior Court of Pennsylvania affirmed his sentence and conviction. Petitioner's first PCRA petition was filed on May 27, 2003, and ultimately dismissed by the PCRA court on March 11, 2004. The Superior Court of Pennsylvania dismissed Petitioner's appeal on November 24, 2004. The Pennsylvania Supreme Court denied Kemmerer's Petition for Allocatur on August 24, 2005. Thus, Kemmerer is entitled to statutory tolling of the limitations period during the pendency of his first PCRA petition, or from May 27, 2003, through August 24, 2005. Kemmerer's second PCRA petition, filed June 2, 2006, however, did not toll the statute of limitations under § 2244(d)(2) because it was improperly filed. See Pace, 544 U.S. at 410, 125 S.Ct. 1807. Likewise, Petitioner's October 16, 2007, motion to withdraw his guilty plea and for a reduction of sentence is equally ineffective in providing any statutory tolling benefit as it was considered, and dismissed, by the trial court as an untimely PCRA petition.

As for Kemmerer's first habeas petition, it too offers no tolling benefit to Petitioner even though it was timely filed on April 26, 2006. Despite this Court's warnings to Kemmerer as to the possible perils of the AEDPA's one year statute of limitations for filing a § 2254 petition should he withdraw his petition (see Kemmerer

-7-

*I*, Doc. 3, Administrative Order with Notice of Limitations on Filing of Future Petitions under 28 U.S.C. § 2254), Kemmerer voluntarily withdrew his habeas petition prior to its adjudication on the merits because he was going to school and sought residential community center placement in 18 months. (*See Kemmerer I*, Doc. 34, Motion to Withdraw Petition.) As a matter of law, Kemmerer is not entitled to any tolling of the limitations period between April 6, 2006, through April 10, 2008, the time his properly filed petition for habeas corpus was pending before the Court because he voluntarily withdrew it. *See Duncan, supra*; *see also Slutzker, supra*.

Therefore, given the procedural history of Kemmerer's direct appeal and PCRA petitions, absent equitable tolling, Kemmerer's present petition is time-barred as he had until 363 days from the conclusion of his first PCRA petition, or until August 22, 2006, to file a timely habeas petition. *Horning v. Lavan*, 197 Fed. Appx. 90, 93 (3d Cir. 2006).

### C.   Equitable Tolling.

The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitations unfair such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. (*Id*.) The Third Circuit Court of Appeals has identified four circumstances

in which equitable tolling is justified: (1) when the defendant has actively misled the plaintiff; (2) when the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) when the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum; or (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is to be invoked "only sparingly." See U.S. v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).[1]

In the present case, Kemmerer argues that his "Petition is Timely Defendant Exausted (sic) Revenue with PCRA Combined Habeas Corpus. This is a Habeas Corpus, I have one year after exhausting all Revenues." Unfortunately, Kemmerer does not explain this statement further in his Traverse. (See Doc. 9.) Rather, Petitioner's Traverse argues the merits of his case and requests habeas relief. Kemmerer does not argue any basis to award him equitable tolling in this matter.

---

[1] The Supreme Court has not decided whether the AEDPA limitations period may be equitably tolled. In Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007), however, the Supreme Court, while assuming, without deciding, that equitable tolling is available, was specific to note that: "[t]o be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id., 549 U.S. at 336, 127 S.Ct. at 1085 (internal quotations and citation omitted).

*Jones, supra.* Clearly Kemmerer had the ability to file a timely habeas corpus petition as evidenced by *Kemmerer I.* Kemmerer does not suggest that his election to withdraw his first habeas petition was due to any reason other than his desire to focus on school and apply for community placement. Under these circumstances, Kemmerer has failed to show extraordinary circumstances to suggest that "the principles of equity would make the rigid application of a limitations period unfair." Miller v. New Jersey State Dep't. of Corr, 145 F.3d 616, 618 (3d Cir. 1998). Thus, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### D. Other Pending Matters.

Also pending before this Court is Kemmerer's Motion to Amend his Habeas Corpus Petition (doc. 15) and a Petition for Writ of Mandamus (doc. 17). Both motions will be denied as moot. Based on our conclusion that Kemmerer's initial habeas petition in this matter was untimely filed, any amendment to the petition would be futile. As for Kemmerer's Petition for Mandamus, his request is moot given the resolution of his Petition this day.

### IV. Conclusion

Kemmerer filed his present habeas petition on September 12, 2008. The limitations period, however, expired on August 22, 2006. Although Kemmerer's original habeas corpus petition was timely filed, Petitioner withdrew it prior to the Court reaching the merits of the Petition. Kemmerer's first habeas Petition yields no

statutory tolling benefits for him. Furthermore, Kemmerer does not suggest any nefarious influences, reasons, or governmental interference that prompted his withdrawal of his original petition. As such, there is no basis for equitable tolling in this matter. Kemmerer's present petition for habeas corpus relief under § 2254 is thus barred by the statute of limitations. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

An appropriate order follows.

_____
A. RICHARD CAPUTO
**United States District Judge**

Date: April 15, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH KENNETH KEMMERER,

    Petitioner,

    v.

LEHIGH COUNTY COURTHOUSE,
*et al.*,

    Respondents

CIVIL NO. 3:CV-08-1690

(Judge Caputo)

ORDER

NOW, this  15th  day of APRIL, 2009, for the reasons set forth in the foregoing Memorandum, **IT IS ORDERED THAT**:

1. The petition under 28 U.S.C. § 2254 is **DISMISSED**.

2. A certificate of appealability is **DENIED**.

3. Kemmerer's Motion to Amend his Habeas Petition (doc. 15) is **DENIED**.

4. Kemmerer's Petition for A Writ of Mandamus (doc. 17) is **DENIED**.

5. The Clerk of Court shall mark this matter **CLOSED**.

                                                          **A. RICHARD CAPUTO**
                                                          **United States District Judge**